**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**YEFERSON TOMAS PATINO VILLAMIZAR,**

*Petitioner*,

v.

**WARDEN, ELIZABETH CONTRACT DETENTION FACILITY,**

*Respondent.*

---

No. 26-cv-13321

**ORDER**

**THIS MATTER** comes before the Court upon the *pro se* Petition for Writ of Habeas Corpus, (ECF No. 1), in which Petitioner alleges that he has been unlawfully detained without a valid legal basis. Respondents filed an answer opposing the Petition, (ECF No. 7), and Petitioner filed a reply, (ECF No. 15); and

**WHEREAS**, Petitioner is a native and citizen of Colombia who entered the United States on May 21, 2022, as a J-1 nonimmigrant exchange visitor, authorized to remain for the duration of his program or until August 30, 2022. (Gov't Resp., ECF No. 7 at 1; ECF No. 7-1 at 1–2). On October 6, 2026, Petitioner was arrested on drug-related charges. (Gov't Resp., ECF No. 7 at 1; ECF No. 7-6 at 4). On October 8, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody and issued a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. (Gov't Resp., ECF No. 7 at 1–2; ECF No. 7-3); and

**WHEREAS**, Respondents answered that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a), is not subject to a final order of removal, and is not subject to mandatory detention under § 1226(c). (ECF No. 7 at 1). Respondents further provided evidence that Petitioner received a bond hearing before an Immigration Judge ("IJ") on October 16, 2026, at which the IJ denied bond after

finding that Petitioner failed to establish that he was not a danger to the community or a flight risk. (ECF No. 7-5); and

**WHEREAS**, Petitioner has received the § 1226(a) bond hearing he is entitled to and does not otherwise dispute that § 1226(a) applies to him;[1] therefore

**IT IS** on this 30th day of October, 2026,

**ORDERED** that the Petition for Writ of Habeas Corpus, (ECF No. 1), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner shall file any amended petition by November 13, 2026; and it is further

**ORDERED** that Petitioner shall not be transferred from his present location; and it is further

**ORDERED** that, if no amended petition is filed within the time set forth above, all Orders not to transfer Petitioner shall be **VACATED** and the Clerk of the Court shall close the case; and it is finally

**ORDERED** that Respondents shall personally serve a copy of this Order on Petitioner as soon as reasonably practicable and file proof of service on the docket.

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**

[1] To the extent Petitioner seeks review of the IJ's denial of bond, this Court lacks jurisdiction to reweigh the evidence or otherwise review the discretionary bond determination itself. *See* 8 U.S.C. § 1226(e). While this Court may review whether a bond hearing is fundamentally unfair, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2–3 (3d Cir. Feb. 25, 2022), Petitioner has not established that his bond hearing was fundamentally unfair. Although Petitioner submitted additional evidence concerning his community ties and proposed sponsorship with his Reply (ECF No. 15), the Court makes no determination as to the accuracy of the IJ's findings or whether that evidence warrants a different custody determination. Petitioner may pursue any available administrative remedies to challenge the IJ's determination. The Court will deny the Petition without prejudice in the event Petitioner seeks to assert a claim that his bond hearing was fundamentally unfair, if appropriate.